THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. SANKS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| BOARD OF TRUSTEES, PLUMBERS ) | |
| AND PIPEFITTERS LOCAL 553 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, JOHN R. SANKS, and states the following:

### JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C.§§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, offered through Plaintiff's union at the time, Plumbers and Pipefitters Local 553, which in this case consists of specific pension benefits, administered by the Board of Trustees, Plumbers and Pipefitters Local 553. In addition, this case may be brought before this court pursuant to 28 U.S.C.§ 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C.§ 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted all avenues of appeal for his disability benefit and has been denied the increased benefits to which he was entitled.

3. Venue is proper in the Southern District of Illinois, pursuant to 29 U.S.C.§ 1132(c)(2), 28 U.S.C.§§ 1391 and 1392.

### NATURE OF ACTION

4. This is a claim seeking payment of disability income benefits, which are provided through Plaintiff's Pension Plan, offered through the Plumbers and Pipefitters Union

Local 553, for which he was a member. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C.§ 1132(c)(2), 28 U.S.C.§ 1391.

## THE PARTIES

5. John R. Sanks (Plaintiff) was a resident of Madison County, Illinois, and is located within the Southern District of Illinois, at all times relevant hereto.

6. Plumbers and Pipefitters Local 553 (Local 553) is a labor union doing business in the State of Illinois, which, at all relevant times hereto, was doing business within this district.

## ALLEGATIONS

7. At all relevant times, Plaintiff was a member of the Plumbers and Pipefitters Union, Local 553.

8. As a member of Plumbers and Pipefitters Local 553, Plaintiff was a participant and a beneficiary of the Plumbers and Pipefitters Local 553 Pension Plan.

9. The Pension Plan is subject to the Employee Retirement Security Act of 1974.

10. The Board of Trustees of the Plumbers and Pipefitters Local 553 Pension Plan ( hereafter referred to as the "Plan" ) is the Plan Administrator and the Plan Sponsor within the meaning of ERISA.

11. As Plan Administrators, Defendants owed a fiduciary duty to Plaintiff.

12. According to the Plan, regarding disability, the Plan states:

"You are eligible for Disability Benefits if:

1. You become totally and permanently disabled while in Covered Employment;

2. You have at least 10 Years of Vested Service; and

3. You have at least 1 Year of Future Credited Service.

   There is no minimum age requirement for the Disability Benefit.

   The amount of the Disability Benefit is the same as the Early Retirement Benefit. However, if your disability begins before age 55, your Disability Benefit will be 70% of your Normal Retirement Benefit. Effective for disabilities commencing on or after July 1,1995 and prior to January 1,2014, the maximum reduction of your benefit will be 18% (you will receive no less than 82% of your Normal Retirement Benefit).

13. Plaintiff was injured and became unable to work on September 13, 2013. He received thirteen weeks of short term disability through the Plumbers and Pipefitters Local 553.

14. Although he wanted to return to work, Plaintiff remained unable to work and advised Local 553.

15. Plaintiff applied for benefits from the Social Security Administration (SSA) shortly after his short term disability benefits ended. He was approved for disability on December 16, 2014, with a disability date, for social security purposes, of June 9, 2014, although he had never been able to return to work and his condition remained unchanged, since September 13, 2013.

16. Plaintiff applied for a disability benefit from the Plan on February 20, 2015. The plan, in determining Plaintiff's eligibility, utilized the SSA's date of disability.

17. Plaintiff began receiving benefits on January 9, 2015. This benefit was 70% of his normal retirement benefit, per the Plan.

18. Plaintiff discovered in 2016 that the Plan had made changes to the disability benefit, wherein disabilities commencing on or after July 1, 1995 and prior to January 1, 2014 would have a maximum benefit reduction of 18% of the Normal Retirement Benefit, rather than the previous reduction of 30%.

19. These changes were adopted on January 1, 2014 but were not signed by the Defendants until November 14, 2014.

20. Plaintiff did not discover the changes to the Plan until December 2016, and had he known, he would have filed an appeal with the SSA for a review of the onset of disability date.

21. On January 7, 2017, Plaintiff wrote to the trustees of the Plan requesting that they review his benefit and requested the reduction of 18%, rather than the 30% reduction he was currently receiving. He confirmed that he had never received any notice of the changes to the Plan, which are required under ERISA,

22. Plaintiff received an undated letter from the Plan Administrator denying Plaintiff's claim, stating that his disability commenced after January 1, 2014, thus his claim for an increased disability benefit was denied. Plaintiff's claim of not receiving the updated Plan information was not addressed.

23. Plaintiff was informed that he could appeal this decision to the Board of Trustees within 180 days.

24. Plaintiff appealed to the Board of Trustees by a letter written on March 1, 2017.

25. Plaintiff's appeal was denied via letter dated April 10, 2017. In this letter, the Board claimed that Plaintiff actually was receiving an early retirement benefit, not a disability benefit, as was claimed in the previous denial, which had been based on date of disability.

26. By failing to provide Plaintiff with updated Plan documents, Defendants denied Plaintiff the opportunity to appeal his date of disability to the SSA, as he actually was unable to work after September 13, 2013, and breached their fiduciary duty to Plaintiff.

27. By attempting to completely change the source of Plaintiff's benefit in the middle of Plaintiff's appeal as a way to justify continuing the amount of benefit Plaintiff had been receiving, Defendants breached their fiduciary duty to Plaintiff.

28. To the best of Plaintiff's information and belief, other members of Local 553 who did not fall into the category of the 18% reduction based on dates of disability, did receive said benefit.

29. Plaintiff has been treated differently than other members of Local 553 and this disparate treatment is a breach of the Defendant's fiduciary duty to Plaintiff.

30. Plaintiff is entitled to an 18% reduction in his disability benefit rather than the 30% he is presently receiving, retroactively and for future payments, and to attorney's fees.

31. Plaintiff has exhausted all administrative remedies available to him under the Plan.


Wherefore, Plaintiff prays for an order directing the Board of Trustees of Plumbers and Pipefitters Local 553 to pay retroactive benefits from February 20, 2015 and through the period of Plaintiff's disability and an order for pre-judgment interest and reasonable attorney's fee and any other relief this Court finds just and equitable.

Respectfully submitted,

**DEBORAH A. ARBOGAST**

/s/ Deborah A. Arbogast
DEBORAH A. ARBOGAST   #6206510
ATTORNEY FOR PLAINTIFF
7905 Forsyth Blvd.
Clayton, Missouri 63105
314-726-5363 Fax: 314-726-3421
deborah@darbogastlaw.com